## THWEATT *v.* THE STATE.

1. The court did not err in excluding from evidence certain declarations made by the accused, that a short time before the homicide and a short distance from the scene thereof the witness met the accused while the latter was on his way to the home of the deceased where the killing took place, and that the accused stated to him in part that he had his

pistol with him, having put it in his pocket the night before when the deceased drove him from the home, as he knew that he would have to roam the streets for the remainder of the night, but that now he had no further use for the pistol.

(a) If other parts of the statement made by the accused to the witness at the same time were admissible, they should have been separated from the objectionable part and offered separately. Where evidence is offered in block, and a part of it is objectionable, the ruling of the court excluding it in its entirety will not be cause for a new trial.

2. The court did not err in instructing the jury upon the subject of threats, and in submitting to them the question of whether threats had been made or not, as a circumstance to be considered by them. There was some evidence authorizing the charge.

3. The court charged the jury in part as follows: "Now, gentlemen, the existence of a fact testified to by one positive witness is rather to be believed than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired. This does not apply when two parties have equal facilities for seeing or hearing a thing and one swears that it did and the other swears that it did not." And the court added: "With reference to this question of positive and negative testimony, the jury weighing the testimony of such witnesses should consider and pass upon the question of their credibility." In view of the fact that the court submitted the credibility of witnesses to the jury, the charge as given was not error.

4. Under the evidence in the case the court did not err in failing to charge the law of voluntary manslaughter.

No. 2704. OCTOBER 15, 1921.

Indictment for murder. Before Judge Munro. Muscogee superior court. June 8, 1921.

*Love & Fort,* for plaintiff in error.

*George M. Napier, attorney-general, C. F. McLaughlin, solicitor-general, Seward M. Smith, asst. atty.-gen., and T. T. Miller,* contra.

BECK, P. J. Upon the trial of Clarence Thweatt, under an indictment charging him with the offense of murder, a verdict of guilty, with a recommendation to mercy, was returned; whereupon he made a motion for new trial, which was overruled, and he excepted.

1. While one Jones, who was a witness for the defendant, was upon the stand under examination, counsel for the defendant proposed to prove by him the following facts: "That on the same morning of the fatal recounter between the defendant and the deceased, the witness, Jimmie Jones, met defendant, Clarence Thweatt, on the corner of 10th and Front streets, in Columbus, three blocks from the scene of the homicide, and while Clarence

Thweatt was on his way to the home of the deceased; that the defendant then and there told Jimmie Jones that he and his father-in-law (the deceased) had had a difficulty the night before, and he (defendant) was going back to the home to apologize to him and to ask his permission to take his (defendant's) wife and child away from there and take them to the home of the witness, where he had provided a place for them, Jimmie Jones having rented to defendant quarters in which to place his family; that defendant then and there told Jimmie Jones that if the deceased did not quietly consent for him to take his wife and child away, he intended to grab up his baby and take it away, and that he knew his wife would follow; that at that same time and same place the defendant offered to surrender to Jimmie Jones his pistol and asked him to take it and take care of it for him; that he had put it in his pocket the night before, when deceased drove him from the home, as he knew that he would have to roam the streets the remainder of the night; and then and there told the witness that he (defendant) had no further use for it." It is alleged that if the witness had been allowed to answer the questions propounded he would have testified to the facts as set forth immediately above, and error is assigned upon the exclusion of this testimony.

There was no error in this ruling of the court. Parts of the testimony thus excluded were clearly self-serving declarations, and were not admissible upon the theory that they were part of the res gestæ. If any part of the testimony was admissible, it should have been separated from that which was objectionable, and offered in evidence.

2. The ruling made in the second headnote requires no elaboration.

3. In the course of his instructions to the jury the court gave the following charge: "Now, gentlemen, the existence of a fact testified to by one positive witness is rather to be believed than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired. This does not apply when two parties have equal facilities for seeing or hearing a thing and one swears that it did and the other swears that it did not. With reference to this question of positive and negative testimony, the jury in weighing the testimony of such witnesses should consider and pass upon the

question of their credibility." Plaintiff in error contends that this charge was error, "because it failed to place upon the instructions the vital and absolutely necessary qualification that the jury must not only believe that the witness had the same opportunity of observation, but must also be of equal credibility." In the case of *Warrick* v. *State,* 125 *Ga.* 133 (53 S. E. 1027), it was said: "Where the evidence is conflicting as to whether a particular thing did or did not occur, and the presiding judge charges the jury the legal principle that the existence of a fact testified to by one positive witness is rather to be believed than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired, he should also give an instruction to the effect that in weighing the testimony of witnesses the jury should consider and pass upon their credibility." The same rule is stated and affirmed in several other decisions by this court. See also the case of *Helms* v. *State,* 136 *Ga.* 799 (72 S. E. 246), where it is said: "It is erroneous to charge Penal Code (1910), § 1011, that ' the existence of a fact testified to by one positive witness is rather to be believed than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired,' without an instruction, in connection therewith, touching the credibility of witnesses." There are cases in our reports to be found where the judgment of the trial court refusing a new trial was reversed because in his charge the judge had instructed the jury that the existence of a fact testified to by one positive witness is rather to be believed than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired, and did not charge in connection therewith touching the credibility of witnesses. But in the present case the court, after charging the jury in the language which the plaintiff in error contends is objectionable, added: " With reference to this question of positive and negative testimony, the jury weighing the testimony of such witnesses should consider and pass upon the question of their credibility." And it seems that this was sufficient submission to the jury of the question of credibility, and therefore the charge complained of was not error.

There were other criticisms upon the verbiage of the charge, which are not of sufficient importance to merit discussion.

4. Under the evidence in the case the court did not err in failing to charge the law of voluntary manslaughter. If a charge upon that subject was authorized at all, it was under the statement of the accused; and the failure to charge upon a theory of the case presented by the statement alone is not error, where no request in writing is made therefor.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent on account of sickness.*